UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:14-CR-00078 |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| DONG PYOU HAN, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the Defendant,

DONG PYOU HAN, and Defendant's attorney, enter into this Plea Agreement.

## A.    CHARGES

1.    <u>Subject Offenses</u>.    Defendant will plead guilty to Counts 1 and 2 of the Indictment,

False Statements, in violation of Title 18, United States Code, Section 1001.

2.    <u>Charges Being Dismissed</u>.    If the Court accepts this Plea Agreement, Counts 3 and

4 of the Indictment will be dismissed at the time of sentencing.

3.    <u>No Further Prosecution</u>.    The Government agrees that Defendant will not be

charged in the Southern District of Iowa with any other federal criminal offense arising from or

directly relating to this investigation.    This paragraph and this Plea Agreement do not apply to (1)

any criminal act occurring after the date of this agreement, (2) any crime of violence, or (3) any

criminal offense which Defendant did not fully disclose to law enforcement during Defendant's

interviews pursuant to any proffer or other agreements with the United States.

## B.    MAXIMUM PENALTIES

4.    <u>Maximum Punishment</u>.    Defendant understands that the crimes to which

Defendant is pleading guilty carry a maximum sentence of up to five (5) years in prison; a

maximum fine of $250,000; and a term of supervised release of three (3) years.    A mandatory

special assessment of $100 per count, for a total of $200, also must be imposed by the sentencing court.

     5.    <u>Supervised Release--Explained</u>.  Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.  If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to two (2) years in prison, without any credit for time previously served.

     6.    <u>Detention</u>.  Provided that Defendant does not violate any conditions of Defendant's pretrial release, and does not appear to be mentally at risk to harm himself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence and will recommend that Defendant be permitted to self-report to serve any term of imprisonment imposed by the Court.

## C.    NATURE OF THE OFFENSE -- FACTUAL BASIS

     7.    <u>Elements Understood</u>.  Defendant understands that to prove the offense alleged under **Counts 1 and 2, False Statements**, the Government would be required to prove beyond a reasonable doubt the following elements:

     (a)    The defendant knowingly, voluntarily and intentionally made, or willfully caused another to make, a fraudulent representation to the National Institutes of Health;

     (b)    The representation was material to the National Institutes of Health; and

     (c)    The false representation to the National Institutes of Health was a matter within the jurisdiction of the agency.

     8.    <u>Elements Admitted</u>.  As a factual basis for his plea of guilty, Defendant admits the following:

(a)     On or about December 10, 2009, in the Southern District of Iowa, and elsewhere, Defendant, DONG PYOU HAN, in a matter within the jurisdiction of the NIH, knowingly and willfully caused Iowa State University professor Dr. Michael Cho, to make materially false, fictitious, and fraudulent statements and representations in NIH Grant Application U19AI091031, "Enhancing B cell immunity against HIV-1 using novel vaccine delivery platforms."

(b)     Specifically, material false, fictitious, and fraudulent statements and representations in the application included:

1.     **Page 21 – Figure 4:** The grant application stated that "HIV-1-specific neutralizing activity was observed with significant breadth in immunized rabbits (Fig. 4)." This statement and figure were derived from the false data that DONG PYOU HAN provided to Dr. Cho, during the preparation of the grant application.

2.     **Page 54 – Figure C6**: The grant application contained a table of graphs, numbered Fig. C6, entitled, "HIV-1 Pseudovirus neutralization assay using TZM-bl cells." This table contained false data that DONG PYOU HAN provided to Dr. Cho, for the preparation of the NIH grant application.

3.     **Page 55 – Table C1 and Figure C7**: The grant application contained Table C1, "Neutralization assay (Conducted at Dr. David Montefiori's laboratory)," and Fig. C7, "Neutralization assay for Q23.17." The table and figure were derived from false data as a result of DONG PYOU HAN having spiked rabbit sera samples with human antibodies that were mailed to Dr. Montefiori's lab for testing. Dr. Montefiori's lab unwittingly reported the false data to Dr. Cho, and Dr. Cho included the false information in the NIH grant application.

4.     **Page 109 – Figure C5**: The grant application contained a table of graphs, numbered Fig. C5, entitled, "HIV-1 Pseudovirus neutralization assay using TZM-bl cells." This table contained false data that was provided from DONG PYOU HAN to Dr. Cho, for the preparation of the grant application.

5.     **Page 110 – Table C1 and Figure C6:** The grant application contained Table C1, "Neutralization assay (Conducted at Dr. David Montefiori's laboratory)," and Fig. C7, "Neutralization assay for Q23.17." The table and figure were derived from false data as a

3

result of DONG PYOU HAN having spiked rabbit sera with antibodies that were sent to Dr. Montefiori's lab for testing. Dr. Montefiori's lab unwittingly reported the false data to Dr. Cho, and Dr. Cho included the false information in the NIH grant

(c)  On or about March 1, 2011, in the Southern District of Iowa, and elsewhere, Defendant, DONG PYOU HAN, in a matter within the jurisdiction of the NIH, knowingly and willfully caused Iowa State University professor Dr. Michael Cho, to make materially false, fictitious, and fraudulent statements and representations in NIH Progress Report P01AI074286, "Characterization of immunogenic and structural properties of HIV-1 envelope." Specifically, material false, fictitious, and fraudulent statements and representations in the progress report included:

   1.  **Page 8** – The progress report stated, "Neutralization assays conducted in Dr. Cho's laboratory showed that immunized rabbits mounted broadly reactive neutralizing antibodies against HIV-1 isolates AD8, DH12, Bal, 89.6 and LAI. Assays conducted in Dr. David Montefiori's laboratory, which are summarized below in Table 1, also demonstrated that immune sera exhibited potency and breadth." These statements were derived from false data that DONG PYOU HAN provided to Dr. Cho, during the preparation of the progress report, and from DONG PYOU HAN having spiked rabbit sera with human antibodies that were sent to Dr. Montefiori's lab for testing. Dr. Montefiori's lab unwittingly reported the false data to Dr. Cho, and Dr. Cho included the false information in the NIH progress report.

   2.  **Page 9 – Table 1:** The progress report contained Table 1, "HIV-1 pseudovirus neutralization assay (conducted by Dr. Montefiori)." The table contains false data as a result of DONG PYOU HAN having spiked rabbit sera with human antibodies that were sent to Dr. Montefiori's lab for testing. Dr. Montefiori's lab unwittingly reported the false data to Dr. Cho, and Dr. Cho included the false information in the NIH progress report.

(d)  Defendant agrees that the false statements detailed above were material to, and made in a matter within the jurisdiction of, the National Institutes of Health.

9.  <u>Truthfulness of Factual Basis</u>.  Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the

4

prosecutor may ask Defendant questions under oath about the offense to which Defendant is

pleading guilty, in the presence of Defendant's attorney.   Defendant understands that Defendant

must answer these questions truthfully, and that Defendant can be prosecuted for perjury if

Defendant gives any false answers.

      10.    Venue.  Defendant agrees that venue for this case is proper for the United States

District Court for the Southern District of Iowa.

## D.    SENTENCING

      11.    Sentencing Guidelines.  Defendant understands that Defendant's sentence will be

determined by the Court after considering the advisory United States Sentencing Guidelines,

together with other factors set forth by law.   The Sentencing Guidelines establish a sentencing

range based upon factors determined to be present in the case, which include, but are not limited to

the following:

    (a)    The nature of the offenses to which Defendant is pleading guilty;

    (b)    The parties stipulate as a recommendation to the District Court that the loss amount involved is more than $7,000,000, but less than $20,000,000;

    (c)    The parties stipulate as a recommendation to the District Court that an abuse of trust enhancement applies to Defendant, pursuant to USSG §3B1.3;

    (d)    The parties stipulate as a recommendation to the District Court that the offense did not involve sophisticated means, pursuant to USSG §2B1.1(b)(10);

    (e)    Defendant's role in the offense, with the parties stipulating as a recommendation to the District Court that neither an upward nor downward adjustment should be applied under USSG §3B1.1 and §3B1.2;

    (f)    Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(g)     The nature and extent of Defendant's criminal history (prior convictions); and

(h)     Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.   Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12.     Acceptance of Responsibility.   The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1.   The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility.   If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13.     Presentence Report.   Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.   The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14.     Evidence at Sentencing.   The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that

6

such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

15.   <u>Sentence to be Decided by Judge -- No Promises</u>.   This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.   Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties.   Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding.   Therefore, it is uncertain at this time what each Defendant's actual sentence will be.

16.   <u>No Right to Withdraw Plea</u>.   Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

**E.     FINES, COSTS, AND RESTITUTION**

17.   <u>Fines and Costs</u>.   Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

18.   <u>Special Assessment</u>.   Defendant agrees to pay the mandatory special assessment of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

19.   <u>Restitution</u>.   Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments.   Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

20.   <u>Financial Statement</u>.   Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F.   LIMITED SCOPE OF AGREEMENT

21.   <u>Limited Scope of Agreement</u>.   This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.   Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

22.   <u>Agreement Limited to Southern District of Iowa</u>.   This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

23.   <u>Immigration Consequences of Defendant's Guilty Plea</u>.   Defendant has discussed

8

with Defendant's counsel the impact of Defendant's guilty plea on Defendant's immigration status if Defendant is not a citizen of the United States.   Defendant specifically understands that Defendant's guilty plea may restrict Defendant's ability to challenge Defendant's removal from the United States in the future, and that Defendant may be subject to immediate removal from the United States following the service of Defendant's sentence. Defendant further understands that Defendant is pleading guilty to an "aggravated felony," which means that Defendant would be subject to enhanced criminal penalties if Defendant were to reenter the United States without authorization.

      24.   <u>National Institutes of Health not a party to this Agreement</u>.   Defendant understands that National Institutes of Health is not a party to this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this criminal case do not resolve any claims that National Institutes of Health may have against Defendant.   Defendant understands that National Institutes of Health remains free to pursue all lawful civil remedies it may deem appropriate.

## G.    WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

      25.   <u>Trial Rights Explained</u>.   Defendant understands that this guilty plea waives the right to:

      (a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

      (b)    A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

      (c)    The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

      (d)    Confront and cross-examine adverse witnesses;

    (e)    Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

    (f)    Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

    (g)    If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26.    <u>Waiver of Appeal and Post-Conviction Review</u>.  Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law.  Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.  These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to Defendant, or reasonably knowable, at the time of entering this Plea Agreement.  These waivers also do not preclude Defendant from seeking relief under 28 U.S.C. § 2255 based on any change in the law deemed to be retroactive as a matter of law as determined by the Courts, as a matter of express statutory language enacted by the Congress, or as a matter of policy as determined by the United States Department of Justice.

## H.    VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

27.    <u>Voluntariness of Plea</u>.  Defendant represents that Defendant's decision to plead

guilty is Defendant's own, voluntary decision, and that the following is true:

    (a)    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b)    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c)    No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d)    Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28.    <u>Consultation with Attorney</u>.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a)    Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b)    Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

    (c)    Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

29.    <u>Entire Agreement</u>.   This Plea Agreement, and any attachments, is the entire agreement between the parties.   Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

30.    <u>Public Interest</u>.   The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and

furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31.   <u>Execution/Effective Date</u>.   This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J.   SIGNATURES

32.   <u>Defendant</u>.   I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation.   I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

2. 25. 2015
Date

DONG PYOU HAN

33.   <u>Defendant's Attorney</u>.   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full

12

access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

2-25-2015
Date

Joseph Herrold
Attorney for Defendant
Federal Public Defender
Capital Square, Suite 340
400 Locust Street
Des Moines, Iowa 50309-2353
Telephone: (515) 309-9634
Email: joe_herrold@fd.org

34.   United States.   The Government agrees to the terms of this Plea Agreement.

Nicholas A. Klinefeldt
United States Attorney

2/25/15                                    By:
Date

Rachel J. Scherle
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa   50309
Telephone:  515-473-9300
Telefax:  515-473-9292
E-mail:  Rachel.scherle@usdoj.gov

13

CERTIFICATION OF INTERPRETATION

The undersigned hereby certifies that he/she is fluent in the English language and the **Korean** language; and that he/she has truly and accurately sight-translated the foregoing PLEA AGREEMENT in the presence of DONG PYOU HAN, providing a complete and accurate rendition in order to convey the true legal equivalent of the entire document to the best of his/her knowledge and ability, in accordance with the Code of Professional Responsibility of the Official Interpreters of the United States Court.

Interpreter's Name (printed): _Joo Id . Yi_

_1-6-2015_
Date                                           Interpreter's Signature

14